NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
**MORRIS POLICH & PURDY LLP**
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone:   (702) 862-8300
Facsimile:   (702) 862-8400
E-mail:   nwieczorek@mpplaw.com
Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRET AXELROD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE L. KLANDER, an individual, and MONEY MANAGEMENT ADVISORY, INC., a Pennsylvania corporation; DOE INDIVIDUALS i through 10; and ROE CORPORATIONS 11 through 20,<br><br>Defendants. | Case No.:   2:13-cv-1289-JAD-VCF<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

In order to protect the confidentiality of confidential information obtained by the parties in connection with this case, the parties, by and through their respective counsel of record, hereby agree as follows:

1.

(a)   Any party or non-party may designate as "Confidential Information" (by stamping the relevant document or other item with the legend "Includes CONFIDENTIAL INFORMATION") any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, confidential business or financial information, or the private information of third-parties to this action that is subject to protection under the Federal Rules of Civil Procedure or Nevada law ("Confidential Information").  Confidential information does not include information that is publically known or that could be ascertained from an inspection of publically

available documents, materials or devices. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated. The parties agree that they will only designate information as Confidential Information if they have a reasonable belief that the information should, in fact be so designated. Mass, indiscriminate or routinized designations are prohibited.

(b)     Except as to Confidential Information that has been designated as such on the basis that it contains the protected private information of third-parties, Confidential Information shall not include any information which: (i) is now, or hereafter becomes, through no act or failure to act on the part of any party to this action, or their agents, generally known or available to the public; (ii) was lawfully acquired by and furnished to, and in the possession of, a party prior to its designation by the producing party as Confidential Information; (iii) is hereafter lawfully acquired by and furnished to a party by a third party; or (iv) is information that a party can document/prove was lawfully and independently developed by said party.

2.     A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material. Additionally a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information . Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

3.     Except as provided herein, Confidential Information designated as provided herein shall be used solely for the purposes of this action, shall not be disclosed to anyone other than those persons identified herein in paragraph 4, below, and shall be handled according to the terms of this protective order until such designation is removed by the designating party or by order of the Court. Nothing in this protective order shall preclude a party from using its own Confidential Information.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    a.    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    b.    employees of such counsel;

    c.    the plaintiff;

    d.    individual defendants, class representatives, any officer or employee of a party, to the extent deemed necessary by Counsel for the prosecution or defense of this litigation;

    e.    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification ("Certification") annexed to this Order as Appendix A (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court);

    f.    any authors or recipients of the Confidential Information;

    g.    the Court, Court personnel, and court reporters; and

    h.    witnesses (other than persons described in paragraph 4(f). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

6. In the event that any Confidential Information is used: (a) in any pretrial proceeding, including any hearings, in the action, or (b) included with, or the contents thereof are in any way disclosed in, any pleading, motion, exhibit, deposition transcript, or other paper filed in any court proceeding in the action, it shall not lose its confidential status through such use, and the party using such Confidential Information shall take all reasonable steps consistent with Local Rule 10-5, this protective order, and all other applicable rules, to maintain its confidentiality during such use. All portions of briefs, pleadings, deposition transcripts, exhibits, correspondence, or other filings in the action, which incorporate or disclose Confidential Information, shall be filed under seal pursuant to applicable law, including, but not limited to, Local Rule 10-5. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding the foregoing, and/or any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

7. A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material designated as Confidential Information is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

  a. the party or non-party claims that the material is Confidential Information withdraws such designation in writing; or

  b. the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

  c. the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

11. Notwithstanding the provisions of paragraph 10, above, it is expressly understood and agreed that counsel for each party shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information ("Litigation File"), but only to the extent necessary to preserve a litigation file with respect to this action. Although counsel for each party may retain a Litigation File, counsel for each party may not disclose and/or disseminate any part, portion or aspect of the Litigation File that contains Confidential Information to any third-parties, unless otherwise required by a court order, subpoena, request for production of documents, deposition notice, or by other operation of law. Before counsel for a party discloses any Confidential Information contained within its/their Litigation File pursuant to a court order, subpoena, request for production of documents, deposition notice, or by other operation of law, the counsel shall provide the other parties in this action with reasonable notice and reasonable opportunity to object to or limit such disclosure. Nothing in this section shall be construed as authorizing the Parties to disobey a lawful subpoena issued in another action or an order of a Court of competent jurisdiction.

12. The parties each reserve (a) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things; and (b) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a party designates as containing Confidential Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law.

13. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

15. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

16. This protective order may be signed in counterparts, and a fax or "PDF" signature shall have the same force and effect as an original ink signature.

17. Notwithstanding any provisions contained herein, nothing in this protective order shall be construed as authorizing any party to disobey a valid request for production of documents, deposition notice, lawful subpoena issued in another action or an order of a Court of competent jurisdiction. Accordingly, before a party discloses any Confidential Information pursuant to a court order, subpoena, request for production of documents, deposition notice, or by other operation of law, such party shall provide the party, or non-party, that designated such material as Confidential

///
///
///
///
///
///

Information with reasonable notice and reasonable opportunity to object to or limit such disclosure.

DATED this 4Th day of ~~January~~ February, 2014.

MORRIS POLICH & PURDY LLP

By: /s/
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Attorneys for Defendants George Klander and Money Management Advisory, Inc.

REISMAN SOROKAC

By: /s/
JOSHUA H. REISMAN
Nevada Bar No. 7152
ROBERT R. WARNS, III
Nevada Bar No. 12123
8965 South Eastern Avenue, Suite 382
Henderson, Nevada 89123
Attorneys for Plaintiff Bret Axelrod

## ORDER

**Good cause appearing therefore, IT IS SO ORDERED.**

/s/
U.S. DISTRICT COURT MAGISTRATE JUDGE

DATED: 2-5-2014

Respectfully Submitted by:

MORRIS POLICH & PURDY LLP

By: /s/
NICHOLAS M. WIECZOREK
Nevada Bar No. 6170
500 South Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Attorneys for Defendants George Klander and Money Management Advisory, Inc.

# APPENDIX A

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order dated _____, 2014 in *Axelrod v. George L. Klander; Money Management Advisory, Inc.*, United States District Court Case No. 2:13-cv-1289-JAD-VCF. I have been given a copy of the Order and have read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information – including copies, notes or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the purpose of enforcing the Stipulated Confidentiality Agreement and Protective Order.

**DATED** this _____ day of _____, 2014.

_____

_____
Print Name